**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4766**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRUMAIN DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:17-cr-00399-H-1)

Submitted:  April 25, 2019                                      Decided:  April 29, 2019

Before FLOYD and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trumain Davis pleaded guilty to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and one count of dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) (2012). His advisory Sentencing Guidelines range was 130 to 162 months in prison, based on Davis' offense level of 27 and category-VI criminal history. The district court sentenced Davis to 144 months in prison—the statutory maximum of 120 months for the possession offense, *see* 18 U.S.C. § 924(a)(2) (2012), and 24 months for the unlicensed dealing offense, to run consecutively.

Davis appeals. His counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether Davis' plea was involuntary because he did not know he could receive a consecutive sentence for the unlicensed dealing offense, given that the two offenses to which he pleaded guilty were grouped for sentencing purposes. A guilty plea is only involuntary, however, if it is induced by threats, blatant misrepresentations, or improper promises. *See Brady v. United States*, 397 U.S. 742, 755 (1970); *United States v. Fisher*, 711 F.3d 460, 464-65 (4th Cir. 2013). Nothing like that appears in the record.

Nor can Davis argue that he did not plead guilty knowingly and intelligently. He signed the plea agreement, indicating he understood that he faced up to 15 years in prison, based on statutory maximums of 10 years for the § 922(g)(1) offense and five years for the § 922(a)(1)(A) offense; that any estimate of his sentence he had received from anyone else was not a promise; and that the district court would determine his

sentence. At the plea hearing, the magistrate judge found Davis competent to understand the proceedings and to plead, and confirmed that Davis understood the plea agreement, the charges against him, the maximum penalties he faced, and the district court's authority to impose whatever sentence it thought proper, regardless of anything contained in the plea agreement. In short, because the record makes clear that Davis entered his plea both voluntarily and intelligently, we affirm the validity of his guilty plea. *See Brady*, 397 U.S. at 748; *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010).

Finally, the district court did not err in imposing consecutive sentences. The court had authority to do so, *see* 18 U.S.C. § 3584(a), and after determining that a prison term of 144 months was appropriate, the court correctly applied U.S. Sentencing Guidelines Manual § 5G1.2(d) (2016), imposing the statutory-maximum sentence of 120 months for the possession offense and a consecutive sentence of 24 months for the unlicensed-dealing offense "to produce a combined sentence equal to the total punishment." USSG § 5G1.2(d); *see United States v. Allen*, 491 F.3d 178, 195 (4th Cir. 2007).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Davis' conviction and sentence. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*